UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE CARRILLO,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>Defendant. | No. 2:24-cv-01215-DAD-SCR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR STAY THIS ACTION<br><br>(Doc. No. 16) |

This matter is before the court on defendant's motion to dismiss plaintiff's first amended complaint ("FAC") or, in the alternative, stay this action, filed on September 23, 2024. (Doc. No. 16.) For the reasons explained below, the pending motion will be granted in part and denied in part. The court will stay this action only through April 29, 2025.

**BACKGROUND**

Plaintiff filed her operative FAC in this putative wage and hour class action on August 19, 2024. (Doc. No. 13.) In her FAC, plaintiff asserts the following six claims against defendant: (1) failure to pay minimum and overtime wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to furnish timely and accurate wage statements; (5) failure to pay all wages due upon termination; and (6) violation of California Business and Professions Code §§ 17200, *et seq.* (*Id.* at 1.) Plaintiff defines the putative class as follows:

1

> All current and former non-exempt, hourly-paid Receiver/Stockers, and/or other non-exempt, hourly-paid employees who, in performance of their work duties handled packages and goods as part of international and/or interstate commerce, employed by Defendant in California during the time period commencing four years before this complaint was filed, and until the present[.]

(*Id.* at ¶ 21.)

On April 26, 2024, defendant filed a notice of related cases requesting that this action be reassigned to the undersigned in light of the earlier-filed action in *Garrido v. Lowe's Home Centers, LLC*, Case No. 2:23-cv-01961-DAD ("the *Garrido* action"), which was and remains pending before the undersigned. (Doc. No. 3.) On April 30, 2024, the court issued an order granting that request and relating and reassigning this action to the undersigned. (Doc. No. 6.) In his operative complaint, and as relevant here, the plaintiff in the *Garrido* action asserts the same six claims against defendant as are listed above.[1] (*See* Doc. No. 1-2 at 27–44.) Plaintiff Garrido defines the putative class in that case as follows:

> All individuals employed by Defendants[2] at any time during the period of four (4) years prior to the filing of this lawsuit and ending on a date as determined by the Court ("the Class Period"), and who have been employed as non-exempt, hourly employees at Defendants' distribution center facilities within the State of California.

(Doc. No. 1-2 at ¶ 43.)

On September 23, 2024, defendant filed its pending motion to dismiss or stay this action. (Doc. No. 16.) Plaintiff filed her opposition on October 15, 2024. (Doc. No. 18.) On October 24, 2024, defendant filed its reply thereto. (Doc. No. 20.)

/////

/////

/////

---

[1] The plaintiff in the *Garrido* action additionally asserts other claims against defendant not relevant here.

[2] The plaintiff in the *Garrido* action asserts claims against defendant Lowe's Home Centers, LLC, as well as against "Does 1 through 50." (Doc. No. 1-2 at ¶ 1.)

2

**LEGAL STANDARD**

**A.     First-to-File Rule**

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). The first-to-file rule "is a generally recognized doctrine of federal comity . . . ." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982). The rule is "designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016).

**B.     Motion to Stay**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S. at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842. A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

## ANALYSIS

**A.     Whether to Dismiss Plaintiff's FAC Pursuant to the First-to-File Rule**

In its pending motion, defendant argues that the first-to-file rule requires dismissal of plaintiff's FAC because plaintiff's claims are "completely subsumed by the earlier-filed *Garrido* action. (Doc. No. 16 at 2.) Plaintiff argues in opposition that the majority of courts to consider the issue have concluded that the first-to-file rule does not apply when both actions are pending before the same district judge. (Doc. No. 18 at 10–11.) In reply, defendant argues that a split of authority exists among district courts in the Ninth Circuit in this regard and that the Ninth Circuit has expressly declined to resolve the issue. (Doc. No. 20 at 8) (citing *Dolores Press, Inc. v. Robinson*, 766 F. App'x 461, 465–66 (9th Cir. 2019)); *see also Dolores Press*, 766 F. App'x at 465–66 ("Dolores Press argues that the first-to-file rule is inapplicable when the two actions are filed in the same district. We need not resolve that issue . . . .").[3]

In line with many courts in the Ninth Circuit, as well as the majority of judges in the Eastern District, the undersigned concludes that the first-to-file rule does not compel dismissal here, where both related cases remain pending before the same judge. *See, e.g.*, *Sheehy v. Santa Clara Valley Transp. Auth.*, No. 14-cv-01325-PSG, 2014 WL 2526968, at *2 n.15 (N.D. Cal. June 4, 2014) ("But courts have regularly declined to apply the first-to-file rule in those situations where the two actions at issue are pending before the same judge.") (collecting cases); *Bowles v. Leprino Foods Co.*, No. 1:19-cv-00635-AWI-BAM, 2020 WL 3256845, at *3 (E.D. Cal. June 16, 2020) ("[T]he first-to-file rule is inapplicable when the earlier-filed lawsuit is pending in the same district and before the same judge as the instant lawsuit."); *Emergy Inc. v. Better Meat Co.*,

---

[3] Citation to the unpublished Ninth Circuit opinions cited in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

1   No. 2:21-cv-02417-KJM-CKD, 2022 WL 1665221, at *1 (E.D. Cal. May 25, 2022) ("The first-to-
2   file rule does not apply to matters pending before the same judge."); *Johnson v. Cates*, No. 1:23-
3   cv-00437-KES-GSA, 2024 WL 3794170, at *1 (E.D. Cal. Aug. 13, 2024) ("Additionally, the
4   'concerns justifying the application of the first-to-file rule, particularly those relating to federal
5   comity, do not apply when both cases are pending before the same judge in the same court.'").
6   As these and other courts have noted, "the concerns justifying application of the rule—comity,
7   efficiency, and uniformity—are nonexistent or greatly reduced" where both actions are pending
8   before the same judge. *Sheehy*, 2014 WL 2526968, at *2 n.15.
9       Accordingly, defendant's motion to dismiss plaintiff's FAC pursuant to the first-to-file
10   rule will be denied. *See Bowles*, 2020 WL 3256845, at *3, 5 (denying the defendant's motion to
11   dismiss pursuant to the first-to-file rule where both cases were pending before the same judge).
12   **B.    Whether to Stay This Action Pursuant to the Court's Inherent Power**
13       Defendant argues that if its motion to dismiss is denied, the court should nevertheless stay
14   this action pending resolution of the *Garrido* action. (Doc. No. 16-1 at 13–15) (citing *Landis*,
15   299 U.S. 248). Defendant contends that plaintiff will suffer no prejudice as a result of a stay
16   because her interests will be represented by the plaintiff in *Garrido*, and because the efficiencies
17   from a stay might save plaintiff resources. (Doc. No. 16-1 at 14.) Defendant argues that the
18   *Garrido* action involves claims asserted on behalf of the same group of employees, against the
19   same defendant, seeking the same recovery, and turning on the same questions of fact and law.
20   (*Id.*)
21       Plaintiff argues that her interests will not be represented in the *Garrido* action because the
22   claims in each action will not be asserted on behalf of the same employees. (Doc. No. 18 at 12.)
23   Specifically, plaintiff notes that in the joint Rule 26(f) scheduling report filed in the *Garrido*
24   action, defendant stated that plaintiff Garrido is not a typical and adequate representative because
25   /////
26   /////
27   /////
28   /////

5

plaintiff Garrido, "unlike most class members[,] did not sign an arbitration agreement."[4] (*Id.* at 7) (quoting *Garrido*, Doc. No. 10 at 4); *see also Avilez v. Pinkerton Gov. Servs., Inc.*, 596 F. App'x 579, 579 (9th Cir. 2015) ("Avilez's arbitration agreement does not contain a class action waiver . . . . To the extent the classes and subclasses include individuals who signed class action waivers, Avilez is not an adequate representative and her claim lacks typicality.") (internal citations omitted). By contrast, plaintiff contends that she did sign an arbitration agreement. (Doc. No. 18 at 6.) Plaintiff has attached a purported copy of her signed arbitration agreement as an exhibit to her opposition. (*See* Doc. No. 18-1 at 2–5.) Plaintiff argues on this basis that the classes that will likely be certified in this action and in the *Garrido* action "are mutually exclusive, in that Ms. Carrillo can only represent employees who signed the arbitration agreements, and M[r]. Garrido only those who did not." (Doc. No. 18 at 8.)

In reply, defendant continues to "maintain[ ] that Garrido is inadequate" as a class representative. (Doc. No. 20 at 7 n.3.) Defendant also does not contest the authenticity of the signed arbitration agreement provided by plaintiff in connection with her opposition. Rather, defendant argues that the similarity of the actions compels the granting of a stay, and that the similarity of the putative class members must be "based on the pleadings alone."[5] (*Id.* at 10.) Furthermore, defendant argues that whether or not putative class members executed arbitration

---

[4] Plaintiff requests that the court take judicial notice of the joint Rule 26(f) scheduling report filed in the *Garrido* action on December 29, 2023. (Doc. No. 18-2.) The court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citations omitted). Accordingly, the court hereby grants plaintiff's request.

[5] Defendant cites no authority in support of its argument that "as discussed above, similarity of the parties is based on the pleadings alone." (Doc. No. 20 at 10.) The court notes that on this point defendant refers the court to its arguments regarding how the first-to-file rule requires consideration of the pleadings alone. Defendant offers no argument as to why the cited decisions applying the first-to-file rule would also imply that the court is restricted to the pleadings in considering a motion to stay. The court is not persuaded by this argument advanced by defendant. *See Dependable Highway Express Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (requiring the moving party to make "a showing" of hardship or inequity). Notably, defendant's arguments in support of its motion to stay rely extensively on information outside the pleadings. (*See* Doc. Nos. 16-1 at 14–15; 20 at 10–12.) In any event, as noted above, defendant does not dispute that it contends that the plaintiff in the *Garrido* action cannot represent putative class members who signed an arbitration agreement.

6

agreements is "immaterial" because defendant has declined to file a motion to compel arbitration of plaintiff's claims "at this time."[6] (*Id.* at 6.)

Additionally, plaintiff argues that the stay requested by defendant could be lengthy and would be unlimited in duration in contravention of binding Ninth Circuit authority. (Doc. No. 18 at 12) (citing *Dependable Highway*, 498 F.3d at 1066). As a result of this lengthy delay, plaintiff argues, evidence and documents could be lost, witnesses' memories will fade, and class members may move such that they cannot be located. (*Id.*) Defendant replies that, in fact, delay would benefit plaintiff, because as defendant "continues to hire new employees and conduct business in California, there will be more employees, more memories, and more documents," thereby "expanding the class [ ] and increasing the total amount of dollars [sic] exposure."[7] (Doc. No. 20 at 10.) Lastly, defendant observes that the plaintiff's motion for class certification in the *Garrido* action is due to be filed in "just" 10 months, on January 12, 2026. (*Id.*)

1. Prejudice to Plaintiff from the Granting of A Stay

If defendant's motion is granted, plaintiff would be prevented from litigating her claims until the resolution of the *Garrido* action. Defendant argues that the motion for class certification is due in the *Garrido* action in "just" 10 months but fails to note that the resolution of that motion may well not result in the resolution of the entire action. To that end, the jury trial in *Garrido* is currently set for 17 months in the future, in August 2026. (*See Garrido*, Doc. No. 17.) A delay of this length certainly risks the loss of evidence and the degradation of witnesses' memories, particularly here where plaintiff filed her complaint in the San Joaquin County Superior Court over one year ago (*see* Doc. No. 1-3 at 6) and defendant represents that no discovery has occurred (*see* Doc. No. 20 at 11) ("Here, by contrast, there is no case schedule or discovery."). *See United States v. Vandewater Int'l Inc.*, 2019 WL 6954316, at *2 (C.D. Cal. Aug. 20, 2019) ("Even if the

---

[6] The court is not persuaded by defendant's argument in this regard. Defendant has not stipulated to refrain from filing a motion to compel arbitration. It has simply not yet filed such a motion.

[7] In making this argument, defendant appears to assume that it may be found to have continued, or begun, violating California wage and hour laws in the future.

7

proceedings before the [Court of International Trade] *are* completed in 18 months, the prejudice to Island resulting from an 18-month stay is high. Island filed its original complaint more than two years ago, yet it has not had any opportunity to conduct discovery in this case. . . . The risk of spoliation of evidence is not insignificant. The Court therefore declines to make Island wait an additional 18 months before commencing discovery."). Moreover, there is no guarantee that plaintiff's claims will be resolved by the *Garrido* action. Indeed, defendant contends that the plaintiff in the *Garrido* action may not represent putative class members who signed the arbitration agreement, and it is undisputed in this action that plaintiff Carrillo signed such an agreement. If the court ignores this possibility and stays this action through the resolution of the *Garrido* action, as requested by defendant, plaintiff may be required to wait years for the conclusion of a class action of which she is not a member.

The court therefore finds this factor weighs against the granting of a stay. *See Amavizca v. Nutra Mfg., LLC*, No. 20-cv-01324-RGK-MAA, 2020 WL 8837145, at *3, 6 (C.D. Cal. Oct. 20, 2020) (first denying the defendants' motion to dismiss pursuant to the first-to-file rule because both actions were pending before the same judge, then denying the defendants' motion to stay because, in part, "a stay in this case would prejudice Plaintiff because Plaintiff would be prevented from litigating his claims until GNC's bankruptcy is resolved"); *cf. Gomes v. Wal-Mart Assocs., Inc.*, No. 22-cv-06051-AB-KK, 2023 WL 5506024, at *9 (C.D. Cal. Apr. 23, 2023) ("But because the fourth cause of action is not an overlapping claim [with regard to earlier-filed cases], the ability of the putative class to seek relief for the harm they allege related to rest break violations will be delayed. There is little question that this delay will prejudice Plaintiff.").

      2.     <u>The Hardship A Party May Suffer from Being Required to Go Forward</u>

The court further finds that defendant will suffer little, if any, hardship from being required to litigate this action. Defendant contends that it will be forced to defend duplicative actions and expend significant time and resources on discovery, motion practice, and potentially trial if this action is not stayed, all because "the proof necessary to establish the claims and defenses in the instant action is identical to that in the earlier-filed *Garrido* class action." (Doc. No. 16-1 at 15.) The court notes as an initial matter that the proof required to establish the

defenses in the two actions do not appear to be "identical" in light of defendant's contention that plaintiff Garrido may not represent employees who signed arbitration agreements. Notably, many district courts in the Ninth Circuit have concluded "that a plaintiff not covered by the arbitration agreement cannot reasonably challenge the unconscionability of that agreement or lacks standing to raise related defenses to arbitration because the plaintiff opted out or otherwise was not bound." *Rushing v. Williams-Sonoma, Inc.*, No. 16-cv-01421-WHO, 2024 WL 779601, at *6 (N.D. Cal. Feb. 21, 2024); *see also id.* at *5 (collecting cases). Therefore, while certain issues may overlap between the two actions, others may not. *Cf. Vandewater*, 2019 WL 6954316, at *2 ("With respect to the hardship that Defendants may suffer, Defendants have not asserted any hardship beyond unnecessary discovery and motion practice, both of which would only *become* unnecessary if and when the [Court of International Trade] issues a ruling favorable to Defendants. Because this hardship is merely hypothetical at this time, this factor weighs against issuing a stay.").

More importantly, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also Amezquita v. Target Corp.*, No. 18-cv-01109-JVS-SP, 2018 WL 6164293, at *4, 5 (C.D. Cal. July 9, 2018) (first denying the defendant's motion to dismiss pursuant to the first-to-file rule because both actions were pending before the same judge, then finding no hardship to the defendant would result from the denial of a stay because the defendant's "only argument is that [it] would be burdened by having to litigate the present action in addition to the consolidated action") (citing *Lockyer*, 390 F.3d at 1112). The court concludes that being required to defend this suit, which brings the potential for duplicative or unnecessary discovery and motion practice, may result in slight, if any, hardship to defendant. *See Bowles*, 2020 WL 3256845, at *5 ("The Court agrees with Leprino that there may be some duplicity between this lawsuit's wage-and-hour claims and the wage-and-hour claims in the earlier-filed lawsuits. The Court also agrees with Leprino that such duplicity may result in some hardship to Leprino, although the Court has not been persuaded by Leprino that such hardship will be immense or overbearing. Consequently, this interest weighs only slightly in favor of a stay."); *cf.*

*Vance v. Google LLC*, No. 20-cv-04696-BLF, 2021 WL 534363, at *5 (N.D. Cal. Feb. 12, 2021) ("Where a denial of stay would cause both parties to incur significant expenses on litigation that may be rendered moot, 'the potential hardship from denying the stay weighs slightly in favor in granting it.'").

### 3. The Orderly Course of Justice

As to the final factor, the court finds that the granting of a stay in this action might simplify certain issues. However, the court again notes the possibility that there will be little to no overlap between the class members in this case and those in the *Garrido* action. This consideration makes this case unlike the actions considered in decisions such as *Amezquita*, where the district court concluded that the "subsequent litigation would likely decide the issues raised by Amezquita *as to the class he purports to represent*, making further litigation by him unnecessary." 2018 WL 6164293, at *5 (emphasis added). Notably, defendant has provided no evidence, nor even argued, that the potential class of employees who signed the arbitration agreement would be similar in relevant ways to the potential class of employees who did not sign such an agreement. Instead, defendant has simply argued that the court may consider only the pleadings in this and the *Garrido* action in resolving the pending motion to stay, and that the pleadings in these actions define similar classes. (*See generally* Doc. No. 20.) The court has already rejected this argument for the reasons explained above. Consequently, the court finds that this factor weighs only slightly in favor of a stay.

After weighing the prejudice to plaintiff, the little if any hardship to defendant, and the limited simplification of issues that a stay would accomplish, the court concludes that defendant has not carried its burden of demonstrating that a stay is warranted in this action. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."); *Amavizca*, 2020 WL 8837145, at *6 (first denying the defendants' motion to dismiss pursuant to the first-to-file rule because both actions were pending before the same judge, then denying the defendants' motion to stay). The court will therefore deny defendant's motion to stay this action pending the resolution of the *Garrido* action. Because the court's decision is based on the unusual circumstances in this case—namely, defendant's contention that the plaintiff in the

*Garrido* action is not an adequate and typical representative for employees who signed arbitration agreements, in combination with the undisputed evidence provided by plaintiff that she is such an employee—defendant's motion will be denied without prejudice to refiling. Developments in the litigation of these actions, such as the resolution of motions for class certification, could alter the court's analysis in this regard.

However, the court will grant defendant's motion to stay in very limited fashion, specifically through April 29, 2025. Defendant points out that the parties in the *Garrido* action are scheduled to engage in mediation on April 29, 2025. (Doc. No. 20 at 10; *see also Garrido*, Doc. No. 17.) In fact, in the *Garrido* action, the court has granted the parties' stipulation to stay discovery through the parties' scheduled mediation on that date. (*See* Doc. Nos. 16, 17.) The prejudice to plaintiff Carrillo in staying this action for such a short duration will be minimal. Moreover, it appears the mediation on April 29, 2025 has the potential to resolve all claims of all parties in this action. Accordingly, the *Landis* factors do support the granting of a stay of this action through April 29, 2025. *See Amezquita*, 2018 WL 6164293, at *5 (granting the defendant's motion to stay because, among other reasons, the defendant was "already facing all of the claims that Amezquita alleges, or plans to allege, in separate litigation," and the "parties in those actions will enter private mediation on August 2, 2018 with the possibility that all claims will be settled").

**CONCLUSION**

For the reasons explained above:

1. The motion to dismiss or stay this action filed by defendant Lowe's Home Centers, LLC (Doc. No. 16) is GRANTED IN PART and DENIED IN PART, as follows:

    a. Defendant's motion to dismiss plaintiff's first amended complaint pursuant to the first-to-file rule is denied;

    b. Defendant's motion to stay this action pending resolution of the related case, *Garrido v. Lowe's Home Centers, LLC*, Case No. 2:23-cv-01961-DAD-SCR, is denied, without prejudice to refiling in light of changed circumstances;

11

      c.     This action is STAYED through April 29, 2025;

2. The court sets this case for an initial scheduling conference on June 9, 2025 at 1:30 PM before Judge Drozd, to be held by Zoom only. Parties will receive a Zoom ID number and password for the conference by email from Judge Drozd's Courtroom Deputy Pete Buzo (PBuzo@caed.uscourts.gov); and

3. The parties shall file a joint status report regarding scheduling by no later than May 26, 2025 (*see* Doc. No. 7-1).

IT IS SO ORDERED.

Dated:   **March 27, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE